# UNITED STATES DISTRICT COURT

_____Eastern_____ District of _____Michigan_____

UNITED STATES OF AMERICA
v.
Frank Anderson
_Defendant_

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 13-20317-4

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☒ clear and convincing evidence ☒ a preponderance of the evidence that

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____     _____
Date                         _Signature of Judge_

U.S. Magistrate Judge Mona K. Majzoub
_Name and Title of Judge_

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 _et seq._); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 _et seq._); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Frank Anderson Order of Detention

Defendant is 35 years old, single and the father of a minor child with a Ms. Katrice Redding. Ms. Redding emphatically stated that if Defendant is released that he may not reside with her. Defendant is charged by way of federal Indictment with Bank Robbery. On January 3, 2013 Defendant and six other males drove in a white van to a CVS Pharmacy on 9 Mile Road at 4:45 a.m. and attempted to steal an ATM. Officers were called, and the white van drove at the officers and struck their vehicle. A 30 minute high speed chase ensued, involving the Warren PD, Michigan State Police, and Detroit Police Department officers. Ultimately the van was disabled and Defendant and the six others were arrested. Defendant was not the driver of the van.

Defendant has four prior felony convictions, three of which involve the use of firearms, and one of which is a conviction for having a weapon while in prison. His first recorded arrest is for Attempted Felony-Controlled Substance-Del/Mfg (Cocaine, Heroin, or another Narcotic) Less than 50 Grams. Defendant entered a guilty plea and was placed in the Holmes Youthful Trainee Program (HYTA). He violated and a warrant was issued. On 12/20/96 he was arraigned on the warrant and his HYTA status was continued. On 2/27/97 he appeared on the violation and his supervision was closed and he was sentenced to 1 - 5 years custody. Defendant was discharged from prison on 6/6/2005.

On 11/14/96 he was charged with Felony Carjacking and Felony Firearm and was found guilty on both charges. He was sentenced to 18-20 months custody and 2 years custody on Count 2. He was released on parole on 5/1/2007 and discharged from parole on 6/27/2009.

On 4/17/2000 Defendant pled guilty to Felony Prisoner Possessing Weapons and on May 23 he was sentenced to an additional 16 months - 5 years custody. He was released on parole on 5/1/07 and discharged from parole on 6/27/09.

One month later Defendant was charged with Felony Firearm, Felony Assault with a Dangerous Weapon, Misdemeanor Weapons Brandishing a Firearm in Public, Felony Assault with a Dangerous Weapon, and Felon in Possession of a Firearm. He was found guilty of Counts 1,2,3 and 8. He was sentenced to 46 - 240 months custody on the most serious charge, and other lesser sentences on the lesser charges. Then on 11/1113/2012 Defendant was arraigned on a probation violation.

On 1/08/2012 the DPD requested a warrant for Felony Conspiracy-Burglary.

Then on 1/3/13 Defendant was charged with Felony Safe Breaking, and Felony Breaking and Entering a Building with Intent. Defendant was arraigned in the 16th Circuit Court in Mt. Clemens and bond was set at $100,000 cash or surety. Jury trial is set for July 9, 2013.

Pretrial Services has interviewed the Defendant and concludes that he is a danger to the community based upon the 1) nature of the instant offense, 2) Defendant's history of violent behaviors, 3) History of Weapons Use, and 4) Criminal History.

This Court agrees. Defendant has not been deterred from continuing his criminal activities, and in fact attempted to flee in this case with his co-defendants. He has four prior felony convictions which involve drugs and weapons. He has been convicted of felony carjacking, felony firearm, felony assault, and now he is charged with bank robbery, trying to steal an ATM machine which contained $80,000.

A preponderance of the evidence shows Defendant to be a risk of flight, and there is clear and convincing evidence that Defendant is a danger to the community. This Court adopts the recommendation of Pretrial Services and finds that there is no condition or combination of conditions that would assure Defendant's appearance in Court or the safety of the community. Therefore Detention is Ordered.